Lin v. Rosen

BIA
Douchy, IJ
A208 597 828

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29ᵗʰ day of December, two thousand twenty.

PRESENT:
>     JON O. NEWMAN,
>     RENNA RAGGI,
>     RAYMOND J. LOHIER, JR.,
>         *Circuit Judges.*

_____

LIQUN LIN,
>     *Petitioner,*

>     v.                                          **19-3581**
>                                                 **NAC**

JEFFREY A. ROSEN, ACTING UNITED
STATES ATTORNEY GENERAL,
>     *Respondent.**

_____

| | |
|---|---|
| **FOR PETITIONER:** | Jeffrey E. Baron, Baron & Shelkin, P.C., New York, NY. |
| **FOR RESPONDENT:** | Jeffrey Bossert Clark, Acting Assistant Attorney General; Shelley R. Goad, Assistant Director; Julia J. Tyler, Trial Attorney, Office of Immigration Litigation, United States |

* The Clerk of Court is directed to amend the caption as set forth above.

Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Liqun Lin, a native and citizen of the People's Republic of China, seeks review of an October 22, 2019 decision of the BIA affirming a March 5, 2018 decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Liqun Lin*, No. A208 597 828 (B.I.A. Oct. 22, 2019), *aff'g* No. A208 597 828 (Immig. Ct. N.Y. City Mar. 5, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013). The agency did not err in concluding that Lin failed to satisfy her burden of proving a well-founded fear of future persecution on account of her practice of Christianity in an unregistered church in China and her escape

2

from a raid on that church in 2015.

As an initial matter, Lin did not exhaust before the agency her claim that she suffered past persecution and therefore we do not consider it. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 118–22 (2d Cir. 2007). Nonetheless, we note that the threat of detention without more does not constitute past persecution. *See Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 70 (2d Cir. 2002).

Absent past persecution, an alien may establish asylum eligibility by demonstrating a well-founded fear of future persecution. 8 C.F.R. § 1208.13(b)(2); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). To do so, an applicant must show either a reasonable possibility that she will be singled out for persecution or that the country of removal has a pattern or practice of persecuting similarly situated individuals. 8 C.F.R. § 1208.13(b)(2)(iii).

The agency did not err in finding Lin's fear of being singled out for future persecution speculative because, at the time of her 2018 hearing, police had not expressed interest in her since 2015. *See* 8 C.F.R. § 1208.13(b)(2)(i), (iii); *see also Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . , [an applicant's] fear is speculative at

3

best."). The agency also did not err in determining that Lin failed to demonstrate "systemic or pervasive" persecution of similarly situated Christians sufficient to demonstrate a pattern or practice of persecution because the evidence states that tens of millions of Christians practice in unregistered churches in China and that restrictions vary by region. *In re A-M-*, 23 I. & N. Dec. 737, 741 (BIA 2005); *see also* 8 C.F.R. § 1208.13(b)(2)(iii).

Accordingly, the agency reasonably concluded that Lin failed to establish a well-founded fear of persecution. *See* 8 C.F.R. § 1208.13(b)(2). That finding was dispositive of Lin's applications for asylum, withholding of removal, and CAT relief. *See Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010) (an applicant who fails to show sufficient risk of harm for asylum "necessarily fails" to meet the higher burdens for withholding of removal and CAT relief).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

4